**Affirmed and Opinion Filed October 25, 2024**



In The

## Court of Appeals
### Fifth District of Texas at Dallas

_____

### No. 05-23-00167-CR

_____

### KEVION R. WILLS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F21-11831-H**

## MEMORANDUM OPINION
Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Breedlove

Appellant Kevion Wills was convicted of murder after a jury trial and sentenced by the trial court to life in prison. *See* TEX. PENAL CODE ANN. §§ 19.022(b)(1)–(2), (c). In a single issue, appellant argues that the evidence is insufficient to prove identity. We conclude that the record contains sufficient evidence on identity to support the jury's verdict. Accordingly, we affirm the trial court's judgment.

### BACKGROUND

On December 18, 2020, Charonda Jones visited her friend Quashana Hobbs's apartment in Carrollton, Texas to check on her because Jones had not heard from

Hobbs since the day before when Hobbs texted Jones asking Jones to call her. Jones called Hobbs at 1:44 p.m. on the 17th, but Hobbs did not answer or respond to Jones's later attempts to reach her. When Jones arrived at Hobbs's apartment, she found the door unlocked and Hobbs lying dead on the kitchen floor in a pool of blood.

Carrollton Police Department Detective Jeremy Chevallier investigated the crime scene and collected a 40-calliber Winchester bullet case from Hobbs's couch. The only DNA evidence retrieved at the scene belonged to Hobbs. The Dallas County medical examiner who conducted Hobbs's autopsy found that she had been shot one time in the back of the head, and her death was ruled a homicide. Police did not initially have a suspect in the case, but using various technology sources, they eventually identified appellant as a suspect.

A grand jury indicted appellant for first-degree murder, and a jury trial was held on January 26, 2023, and appellant was found guilty. After a hearing on punishment, the trial court sentenced appellant to life in prison. This appeal followed.

## STANDARD OF REVIEW

In determining whether the evidence is sufficient to support a criminal conviction, we apply well-established standards. *See Jackson v. Virginia*, 443 U.S. 307, 316 (1979). We view the evidence in the light most favorable to the verdict and determine whether a rational jury could have found all the elements of the offense

–2–

beyond a reasonable doubt. *Jackson*, 443 U.S. at 313; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury, as the fact-finder, may make reasonable inferences from the evidence presented at trial in determining appellant's guilt. *Hooper v. State*, 214 S.W.3d 9, 14–15 (Tex. Crim. App. 2007). When there is conflicting evidence, we presume the fact-finder resolved those conflicts in favor of the verdict and defer to that resolution so long as it is supported by the evidence. *Jackson*, 443 U.S. at 326; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

We also defer to the trier of fact's determinations of witness credibility and the weight to be given their testimony. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. Our role as an intermediate appellate court is restricted to guarding against the "rare occurrence when a factfinder does not act rationally." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (quoting *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009)).

## DISCUSSION

A person commits the offense of murder if he intentionally or knowingly causes the death of an individual. *See* TEX. PENAL CODE ANN. § 19.02(b)(1). Alternatively, he also commits the offense when he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. *Id.* at § 19.02(b)(2).

The only contested issue in this case was the element of identity. Appellant argues that the evidence of identity is insufficient because there was no direct evidence of identity, and of the circumstantial evidence, there were no fingerprints or DNA evidence. Appellant also claims there was a lack of evidence on appellant's motive for killing Hobbs and that the evidence pointed more clearly to other suspects, specifically Tasha Wills, appellant's wife, and Kassandra Williams, Tasha's best friend and the owner of the gun that was associated with the murder. The State argues that the cumulative effect of the State's overwhelming circumstantial evidence was sufficient to prove appellant's identity.

Direct evidence of the elements of the offense is not required to sustain a conviction. *Hooper v. State*, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence and can be sufficient alone to establish an accused's guilt. *Id.* at 15 (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)). Juries are permitted to make reasonable inferences from the evidence presented at trial, including from the circumstantial evidence presented. *Id.* at 14 (citing *Guevara*, 152 S.W.3d at 49).

Here, the evidence shows that the flock camera located at the entrance of Hobbs's apartment complex captured the license plate of a car associated with appellant entering Hobbs's complex at 1:15 p.m. on the day of the murder, ten minutes before Hobbs's car arrived. The Instagram video calls admitted by the State show that Hobbs and appellant spoke in the hours leading up to the murder and

–4–

arranging a meetup; specifically, Hobbs provided appellant with her apartment number at 1:23 p.m., shortly before Hobbs arrived home. In addition to the flock camera, the jury heard testimony that appellant texted his friend McCollum, who lived in Hobbs's apartment complex, to let him know that appellant was outside his apartment at around 1:25 p.m., and that appellant texted McCollum the following day to see if any police were present at the complex. These pieces of evidence, while circumstantial, could allow a rational jury to infer that appellant was with Hobbs at the time of her murder. *See id.* at 14 (citing *Guevara*, 152 S.W.3d at 49). This conclusion is further bolstered by the cell phone mapping of appellant's and Hobbs's cell phones, which placed them together at the time of the murder.

The jury could also infer appellant's guilt from the ballistics evidence presented. *See id.* at 14 (citing *Guevara*, 152 S.W.3d at 49). Multiple witnesses testified that appellant went to his wife's friend Kassandra Williams's house the afternoon of the murder and borrowed her 40-caliber Smith & Wesson handgun, which he returned about an hour and a half after borrowing it. Cell phone mapping showing appellant traveled from his house in Waxahachie to Williams's house in DeSoto, then to Hobbs's house in Carrollton, back to DeSoto, and then finally to his home in Waxahachie, corroborates such testimony. A forensic analyst fired a test cartridge from Williams's gun and determined it matched the cartridge case found at the scene of Hobbs's murder, indicating that Williams's gun had fired the cartridge at the murder scene.

Finally, suspicious activity on appellant's Google account in the days following Hobbs's murder provides evidence from which the jury could infer appellant's guilt. *See id.* at 14 (citing *Guevara*, 152 S.W.3d at 49). Appellant's Google account recorded searches for the damage a 40-caliber bullet can do to a person, "unsolved murders" in Carrollton, and for Hobbs's name and obituary specifically.

The State is correct that Texas law does not require direct evidence of an element of a crime to sustain a conviction; therefore, to the extent appellant asks us to overturn the jury's verdict based on a lack of direct evidence, we decline to do so. *See Hooper v. State*, 214 S.W.3d at 14. With regard to the sufficiency of the circumstantial evidence, appellant in effect asks us to disregard the evidence discussed above because the jury heard conflicting evidence that may have implicated other suspects; however, we must defer to the jury's determination on credibility in the face of conflicting evidence. *See Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. Because there is evidence to support the jury's verdict, we overrule appellant's sole issue. *See Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

## CONCLUSION

We affirm the trial court's judgment.

230167f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEVION R. WILLS, Appellant

No. 05-23-00167-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F21-11831-H.
Opinion delivered by Justice Breedlove. Justices Molberg and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of October, 2024.